IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JENNIFER HARZMAN SMITH,      §
                             §
              Plaintiff,     §
                             §  Civil Action No. 3:09-CV-1165-D
VS.                          §
                             §
JIMMY TISDALE,               §
                             §
              Defendant.     §

MEMORANDUM OPINION
AND ORDER

In this removed child custody matter, plaintiff Jennifer Harzman Smith ("Smith") has filed a motion that, although styled as a motion to dismiss, argues that the court lacks jurisdiction and that the case should be dismissed or remanded to state court. Treating the motion as a motion to remand, and concluding that the court lacks federal question or diversity jurisdiction, the court grants the motion and remands the case to Texas state court.[1]

I

This suit concerns the custody of K_____ H_____ ("KH"),[2] a minor, born to Smith and defendant Jimmy Tisdale ("Tisdale") in Oklahoma in 1998. Tisdale filed suit to establish paternity soon after KH's birth, and in 1999 the district court of Kingfisher

_____

[1]Smith argues that the notice of removal is untimely under 28 U.S.C. § 1446. Defendant responds that various appeals in the state court extended the deadline by which he was required to remove the case. Because the court concludes on other grounds that it lacks removal jurisdiction, it need not consider this argument.

[2]Fed. R. Civ. P. 5.2(a)(3) prescribes the use of a minor's initials.

County, Oklahoma (the "Oklahoma court") determined that he was KH's father.  The Oklahoma court also named Smith as the custodial parent of KH and entered support and visitation orders.  Tisdale asserts, and Smith does not dispute, that the Oklahoma court has modified its initial orders several times since 1999.  At some point between 1999 and 2005——the parties do not specify when——Smith relocated to Dallas, Texas.

In August 2005 the Dallas County Child Protective Services Unit ("CPS") took KH into emergency custody and filed suit in the 304th Judicial District Court of Dallas County, Texas (the "Texas court") seeking, *inter alia*, to be named KH's temporary managing conservator.  CPS asserted that Smith had neglected KH in various ways.  CPS was not aware of Tisdale's address, and he did not initially participate in the proceedings.  After being contacted by CPS, Tisdale filed in October 2005 a counter-petition to CPS's suit, seeking to be named KH's sole managing conservator.  Although it is not clear from the record, it appears that the Texas court named Tisdale temporary managing conservator, and, in 2006, CPS released KH to Tisdale's custody.  The two returned to Oklahoma. CPS later filed a motion to non-suit the case.

In July 2007 Smith filed a counter-petition to CPS's original petition, seeking to be named KH's sole managing conservator or, alternatively, joint managing conservator.  Since CPS was no longer the plaintiff, the parties were realigned.  Smith became the

plaintiff and Tisdale the defendant.  It is this counter-petition seeking child custody that forms the suit that Tisdale removed to this court and that Smith moves to remand.

Smith's counter-petition set off a two-year-long chain of litigation in both Oklahoma and Texas.  Tisdale filed an application for an emergency order for custody in the Oklahoma court, which that court granted *ex parte* in July 2008.  Tisdale apparently then filed a motion to modify custody in the Oklahoma court, leading to discovery and several hearings.  Around the same time, Tisdale filed in the Texas court a plea to the jurisdiction, arguing that the Oklahoma court maintained continuing jurisdiction over KH's custody.  After the Texas court rejected the plea, Tisdale unsuccessfully sought mandamus relief in the Texas Court of Appeals and the Supreme Court of Texas.  In February 2009 the Oklahoma court named Tisdale sole managing custodian of KH.

While Tisdale was pursuing custodianship in the Oklahoma court, and after the Supreme Court of Texas denied Tisdale's petition for a writ of mandamus, Smith asked the Texas court to schedule her counter-petition for trial.  Tisdale responded by filing in June 2009 what he styled as his "First Amended Counter-Petition to Modify the Suit Affecting the Parent-Child Relationship."  In this pleading Tisdale asked the court to dismiss the case based on several special exceptions.  He contended that any order by the Texas court, other than to dismiss the case, would

- 3 -

violate the Full Faith and Credit Clause of Article IV of the Constitution; that because the parties were completely diverse, federal law deprived the Texas court of jurisdiction; and that because he did not have minimum contacts with Texas, the Texas court's exercise of personal jurisdiction over him violated the Due Process Clause of the Fourteenth Amendment.[3]   The Texas court set the trial on Smith's counter-petition for July 2009.

On June 19, 2009 Tisdale filed a notice of removal of Smith's counter-claim.   On July 7, 2009 Smith filed the instant motion to dismiss, which the court treats as a motion to remand.   She argues that Tisdale's notice of removal is improper because it was filed more than 30 days after he received notice of the claim he seeks to remove.   On July 9, 2009 the court ordered Tisdale to file an amended notice of removal setting forth the basis for the court's jurisdiction.   Tisdale responded by filing a first amended notice of removal on July 17, 2009.[4]   Smith's remand motion is now ripe for decision.

---

[3]This petition, although styled as an amendment to his earlier counter-petition, appears to be a  responsive pleading to Smith's counter-petition of July 18, 2007.   The court thus treats it as an answer to Smith's claim.

[4]Tisdale has also filed a motion for summary judgment on his counter-petition.   Because the court is remanding this case, it will not reach that motion, which should be decided, if at all, by the state court.

II

Because Tisdale removed this action from state court, he has the burden of overcoming an initial presumption against subject matter jurisdiction and of establishing that removal is proper. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)).[5] "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971). Therefore, the removal statute is to be strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). And "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th

---

[5]28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

- 5 -

Cir. 2000) (citation omitted).  Tisdale maintains that this court

has removal jurisdiction because subjecting him to suit in the

Texas court implicates several of his constitutional rights and

because the parties are diverse citizens.

III

The court first considers whether the case is removable based

on federal question jurisdiction.

> The district court has removal jurisdiction in
> any case where it has original jurisdiction.
> The district court has original federal
> question jurisdiction over all civil actions
> arising under the Constitution, laws, or
> treaties of the United States . . . .  Under
> this well-pleaded complaint rule, a federal
> court has original or removal jurisdiction
> only if a federal question appears on the face
> of the plaintiff's well-pleaded complaint;
> generally, there is no federal jurisdiction if
> the plaintiff properly pleads only a state law
> cause of action.

*Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550-51 (5th Cir.

2008) (citations and quotation marks omitted).

> A complaint also creates federal question
> jurisdiction when it states a cause of action
> created by state law and (1) a federal right
> is an essential element of the state claim,
> (2) interpretation of the federal right is
> necessary to resolve the case and (3) the
> question of federal law is substantial.

*Howery*, 243 F.3d at 917.  But a defense to a state-law claim that

rests on federal law is insufficient to establish federal question

jurisdiction.  "The fact that federal law may provide a defense to

a state claim is insufficient to establish federal question

- 6 -

jurisdiction . . . .  Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 550-51 (citations, brackets, and quotation marks omitted).

Tisdale asserts that there is a federal question about whether the Texas court from which he removed the case has personal jurisdiction over him.  He maintains that the Texas court's exercise of jurisdiction violates his constitutionally protected right to due process.  This jurisdictional question, however, is analogous to a defense to Smith's suit and thus provides no basis for removal.  *See, e.g., Reyna Capital Corp. v. B.T.S., Inc. of Miss.*, 2007 WL 892457, at *2 (S.D. Miss. Mar. 21, 2007) ("The mere fact that a [defendant] challenges jurisdiction under the United States Constitution does not create federal question jurisdiction in federal court.").

Tisdale also asserts that, by hearing the case, Texas courts have violated the Full Faith and Credit Clause of the Constitution. U.S. Const. art. IV, § 1.  He argues that a prior ruling in the Oklahoma court regarding KH's custody precludes the Texas court from deciding on the matter.  Tisdale's argument that the Full Faith and Credit Clause requires a court to follow the decision of a foreign court does not plead a federal question claim under the well-pleaded complaint rule.  Although his argument requires a court to rule on the meaning of the Constitution, it is a response to, not an element of, Smith's counter-petition for custody of KH.

- 7 -

Thus it cannot be the basis for federal question jurisdiction. *See Chi. & A. R. Co. v. Wiggins Ferry Co.*, 108 U.S. 18, 22 (1883) (holding that defendant could not remove breach of contract claim where defendant argued that court had federal question jurisdiction based on claim in removal notice that state court was violating the Full Faith and Credit Clause).

Smith's counter-petition for custody of KH does not contain a federal question claim; neither does it assert a state law cause of action in which a federal right is an essential element of the claim, interpretation of the federal right is necessary to resolve the case, and the question of federal law is substantial. Therefore, this case is not removable based on federal question jurisdiction.

IV

The court considers next whether this case is removable based on diversity jurisdiction.

The district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1). Tisdale has established that he and Smith are citizens of different states.  But there is a well-established exception to this court's diversity jurisdiction in certain domestic relations cases,

- 8 -

including child custody.[6]  As noted, Smith's counter-petition only
seeks custody of KH.[7]  "The whole subject of the domestic relations
of husband and wife, parent and child, belongs to the laws of the
states, and not to the laws of the United States." *Castro v.
United States*, 560 F.3d 381, 396 n.10 (5th Cir. 2009) (quoting *Ex
parte Burrus*, 136 U.S. 586, 593-94 (1890)).  "[T]he domestic
relations exception . . . divests the federal courts of power to
issue . . . child custody decrees." *Id.* (quoting *Ankenbrandt v.
Richards*, 504 U.S. 689, 703 (1992)).  "Abstention from the exercise
of diversity jurisdiction in cases involving intrafamily relations
is a policy of long standing in the federal courts.  As a general
rule, federal courts refuse to hear . . . child custody actions[.]"

---

[6]The domestic relations exception does not apply to the
court's consideration of federal question jurisdiction.  The
exception is based on a construction of the diversity jurisdiction
statute, not the Constitution. *See Ankenbrandt v. Richards*, 504
U.S. 689, 695-96 (1992).  "The domestic relations exception *per se*
applies only to actions in diversity.  We find no cases declining
federal jurisdiction on the basis of the domestic relations
exception when a litigant has otherwise made out a well pleaded and
substantial complaint alleging federal subject matter
jurisdiction." *Flood v. Braaten*, 727 F.2d 303, 307 (11th Cir.
1984) (holding that where state courts in two different states
refused to enforce the custody decree of the other, the Parental
Kidnaping Prevention Act, 28 U.S.C. § 1738A, granted one parent
federal question jurisdiction to bring an action in federal
district court) (citing Charles Alan Wright, et al., *Federal
Practice and Procedure* § 3609 (1975)); *see also Heartfield v.
Heartfield*, 749 F.2d 1138, 1141 (5th Cir. 1985) (holding that
§ 1738A granted federal question jurisdiction, and that court
therefore would not consider personal jurisdiction).

[7]Alternatively, Smith seeks joint custody.  She also seeks
attorney's fees, but this request is incidental to her request for
custody of KH.

*Congleton v. Holy Cross Child Placement Agency, Inc.*, 919 F.2d 1077, 1078 (5th Cir. 1990) (citation and internal quotation marks omitted).[8]  Although the domestic relations exception is not to be read expansively, "federal courts should be vigilant to discern the essential nature of a dispute, not permitting parties to avail themselves of a federal forum for their domestic claims by cloaking them in the trappings of a generic contract or tort proceeding." *Id.* at 1078-79.  "The decisive factor . . . is not the formal label attached to the claim . . . but the type of determination that the federal court must make in order to resolve the case[.]" *Id.*  To resolve this matter, the court will be required to determine whether Smith or Tisdale (or both) should be awarded custody of KH.

Tisdale argues that no question regarding domestic relations is raised by his notice of removal.  While this assertion is correct, it is insufficient to overcome the domestic relations exception.  This is because what controls is the type of determination that this court must make to resolve Smith's counter-petition.  In this case, the court must determine who should be given custody of KH.  Tisdale's constitutional issues are raised

---

[8]The reasons for this policy "include the strong state interest in domestic relations matters, the competence of state courts in settling family disputes, the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts." *Congleton*, 919 F.2d at 1078-79 (citation and internal quotation marks omitted).

only by way of his answer to Smith's original counter-petition.[9]
The essential nature of this dispute is one about child custody.
Tisdale has therefore failed to demonstrate that this case is
removable based on diversity of citizenship.

V

Tisdale also argues that *Younger v. Harris*, 401 U.S. 37
(1971), confers removal jurisdiction.  His reliance on *Younger* is
misplaced.  In *Younger* the court addressed whether a federal court
could enjoin state criminal proceedings.  *Id*. at 39.  It did not
consider a district court's jurisdiction over a case removed from
state court.  Thus *Younger* does not provide a basis for Tisdale to
remove the case.

*     *     *

Treating Smith's July 8, 2009 motion to dismiss as a motion to
remand, the court grants the motion because the court lacks subject

---

[9]Resolving Tisdale's constitutional arguments would
effectively establish which court——Texas or Oklahoma——has
continuing jurisdiction over the custody dispute.  The court has no
jurisdiction to make this decision either.

matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  This action is remanded to the 304th Judicial District Court of Dallas County, Texas.  The clerk shall effect the remand in accordance with the usual procedure.

    **SO ORDERED**.

    September 30, 2009.

                                    SIDNEY A. FITZWATER
                                    CHIEF JUDGE